**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**A.E., a minor, by A.E. and H.E., his**
**next friends, parents, and natural guardians;**
**J.O., a minor, by J.O., his next friend,**
**parent, and natural guardian; O.E., a minor,**
**by D.E. and M.E., his next friends, parents, and**
**natural guardians; J.K., a minor, by S.K. and C.K., his**
**next friends, parents, and natural guardians; and**
**D.R., a minor, by A.F., his next friend, parent,**
**and natural guardian,**

              **Plaintiffs,**


**V.**                                    **Case No.: _____**

                                          **JURY TRIAL DEMANDED AND**
                                          **INJUNCTIVE RELIEF REQUESTED**

**BREVARD COUNTY SCHOOL BOARD;**
**BREVARD COUNTY SCHOOL DISTRICT;**
**and STACEY GARZIONE,**

              **Defendants.**
_____

## COMPLAINT

        **COMES NOW** Plaintiffs, A.E., a minor, by A.E. and H.E., his next friends,

parents, and natural guardians; J.O., a minor, by J.O., his next friend, parent, and natural

guardian; O.E., a minor,  by D.E. and M.E., his next friends, parents, and natural guardians;

J.K., a minor, by S.K. and C.K., his next friends, parents, and natural guardians; and D.R.,

1

BATES LAW, PLLC
111 North Orange Avenue, Suite 800, Orlando, FL 32801
http://www.fltriallawyers.com

a minor, by A.F., his next friend, parent, and natural guardian (collectively "Plaintiffs"),

by and through undersigned counsel, and for their complaint against Defendants, Brevard

County School Board; Brevard County School District; and Stacey Garzione (collectively

"Defendants"), state and allege as follows:

## PARTIES

1.      Plaintiff, A.E. (hereinafter "A.E."), a minor, by A.E. and H.E., his next

friends, parents, and natural guardians, are residents and citizens of Brevard County, State

of Florida.

2.      At all times material hereto, A.E. was a 7-year-old minor child who has

been diagnosed with developmental disabilities, including autism.  As a result, he is a

qualified individual with disabilities under the definitions of the Rehabilitation Act, 29

U.S.C. § 794, Section 504 and the Americans with Disabilities Act, Title II, 42 U.S.C. §

12131 et seq., and a member of a protected class under 42 U.S.C. § 1981, et seq. A.E. is

also a member of a protected class under 42 U.S.C. § 1981, et seq., by virtue of his race.

3.      Plaintiff, J.O. (hereinafter "J.O."), a minor, by J.O., his next friends, parents,

and natural guardians, are residents and citizens of Brevard County, State of Florida.

4.      At all times material hereto, J.O. was a 7-year-old minor child who has been

diagnosed with developmental disabilities, including autism.  As a result, he is a qualified

individual with disabilities under the definitions of the Rehabilitation Act, 29 U.S.C. § 794,

2

BATES LAW, PLLC
111 North Orange Avenue, Suite 800, Orlando, FL 32801
http://www.fltriallawyers.com

Section 504 and the Americans with Disabilities Act, Title II, 42 U.S.C. § 12131 et seq., and a member of a protected class under 42 U.S.C. § 1981, et seq. J.O.. is also a member of a protected class under 42 U.S.C. § 1981, et seq., by virtue of his race.

5.     Plaintiff, O.E. (hereinafter "O.E."), a minor, by D.E. and M.E., his next friends, parents, and natural guardians, are residents and citizens of Brevard County, State of Florida.

6.     At all times material hereto, O.E. was a 8-year-old minor child who has been diagnosed with developmental disabilities, including autism. As a result, he is a qualified individual with disabilities under the definitions of the Rehabilitation Act, 29 U.S.C. § 794, Section 504 and the Americans with Disabilities Act, Title II, 42 U.S.C. § 12131 et seq., and a member of a protected class under 42 U.S.C. § 1981, et seq.

7.     Plaintiff, J.K. (hereinafter "J.K."), a minor, by S.K., his next friends, parents, and natural guardians, are residents and citizens of Brevard County, State of Florida.

8.     At all times material hereto, J.K. was a 6-year-old minor child who has been diagnosed with developmental disabilities, including autism. As a result, he is a qualified individual with disabilities under the definitions of the Rehabilitation Act, 29 U.S.C. § 794, Section 504 and the Americans with Disabilities Act, Title II, 42 U.S.C. § 12131 et seq., and a member of a protected class under 42 U.S.C. § 1981, et seq.

9.     Plaintiff, D.R. (hereinafter "D.R.") (collectively referred to hereinafter as

BATES LAW, PLLC
111 North Orange Avenue, Suite 800, Orlando, FL 32801
http://www.fltriallawyers.com

"Plaintiffs"), a minor, by A.F., his next friends, parents, and natural guardians, are residents and citizens of Brevard County, State of Florida.

10.     At all times material hereto, D.R. was a 6-year-old minor child who has been diagnosed with developmental disabilities, including autism.  As a result, he is a qualified individual with disabilities under the definitions of the Rehabilitation Act, 29 U.S.C. § 794, Section 504 and the Americans with Disabilities Act, Title II, 42 U.S.C. § 12131 et seq., and a member of a protected class under 42 U.S.C. § 1981, et seq.

11.     Defendant, Brevard County School Board (the "School Board"), is a governmental agency, organized under the Laws of Florida, the governing body of the Brevard County School District and responsible for the control, operation, organization, management, and administration of public schools in Brevard County, Florida, which includes but is not limited to providing education to children both with and without disabilities who reside in Brevard County, Florida.

12.     Defendant, Brevard County School District (the "School District"), is a governmental entity, organized under the Laws of Florida, and is part of the state system of public education and includes all public school, classes, courses of instruction and all services and activities which are under the School District's officials' directions and directly related to education in the district.  (The School Board and School District shall sometimes be collectively referred to hereinafter as the "School Entities" or "Brevard County Schools").

BATES LAW, PLLC
111 North Orange Avenue, Suite 800, Orlando, FL 32801
http://www.fltriallawyers.com

13.     The School Entities are recipients of federal financial assistance by virtue of their receipt of funds for the education of disabled students in Brevard County from the United States Department of Education.

14.     Stacey Garzione, at all times material hereto, was a resident and citizen of Brevard County, Florida, *sui juris*, and was employed by the School Entities as an ESE teacher at Ralph Williams Elementary School ("Ralph Williams").

15.     During the 2018 – 2019 school year, including all times material to the events described herein, Plaintiffs were all special education students in Garzione's classroom at Ralph Williams.

### JURISDICTION & VENUE

16.     This Court has original jurisdiction over the subject matter of Plaintiffs' causes of action, pursuant to 28 U.S.C. § 1331, because they arise under the Rehabilitation Act, 29 U.S.C. § 794, Section 504, the Americans with Disabilities Act, Title II, 42 U.S.C. §12131 et seq., and 42 U.S.C. § 1983.

17.     Additionally, this Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

18.     The events giving rise to the claims alleged in the Complaint arose in Brevard County, Florida which is within the confines of the Orlando Division of the Middle District of Florida.  28 U.S.C. §89(b).  Venue in this Court is therefore proper pursuant to

5

28 U.S.C. §1441(a).

19.     Ralph Williams, located at 1700 Clubhouse Dr., Rockledge, FL 32955, is, and at all times material to this Complaint was, a public elementary school within the domain and jurisdiction of Brevard County Schools.

20.     All conditions precedent to the bringing of this action by Plaintiffs, if any, have occurred, or their performance have been waived by Defendants.

## INTRODUCTION

21.     The case *sub judice* is brought by an entire classroom of 6 to 8 year-old minors with varying degrees of intellectual and emotional disabilities, some of which are effectively rendered nonverbal. Certain plaintiffs are also members of a protected class under federal law by virtue of minority status in addition to their disability.

22.     The case is being brought against Brevard County Schools for their fostering of a culture of unaccountability directly resulting in unconscionable abuse and restraint against Plaintiffs – young, disabled, and/or minority children – with the knowledge and tacit approval of their schools' administration. But for internal whistleblowers pointing out the drastic abuse taking place within its classrooms, this abuse would have continued, unmitigated, with consequences far beyond what we can envision, even today. Brevard County Schools have a long history of sanctioning an environment where students without the ability to convey that harm is being done to them, can be abused

6

and restrained without recourse.

23.     As a result, Plaintiffs each experienced grievous physical and emotional injury and discrimination in violation of their civil rights by virtue of Defendants' policies procedures and practices, and pattern of discrimination, on the basis of disability and race in their school district and by virtue of their pattern and practice of failing to protect Plaintiffs and other protected class members from abuse, restraint, seclusion, and other violations of civil rights.

24.     In addition, this action is brought by Plaintiffs against Defendants for their failure to supervise and protect Plaintiffs from unlawful abuse seclusion and restraint by the Defendants.

### GENERAL ALLEGATIONS

25.     Title II of the Americans with Disabilities Act is known as the "Prohibition Against Discrimination and Other Generally Applicable Provisions".  42 U.S.C. §12131 et. Seq.

26.     Section 504 of the Rehabilitation Act of 1973 provides that "[n]o otherwise qualified individual with a disability" shall be "excluded, denied or discriminated against" by any facility receiving "federal financial assistance." 29 U.S.C. § 794.

27.     At all times material hereto, Defendants provided public accommodations, programs, and services within the meaning provided under applicable law.

7

28.     Defendants failed to provide a safe and effective public education to Plaintiffs, free from discrimination and abuse. In particular:

a.   The School Entities, failed to establish policies and procedures for Brevard County Public Schools, including the failure to implement and/or follow students' health care plans and physicians' orders, and failed to train and/or supervise its teachers and employees, including principals, assistant principals, teachers, teachers' aides, so as to permit a policy custom or practice that caused said teachers and employees to violate the Constitutional and civil rights of this students, including Plaintiffs;

b.   The School Entities failed to train and/or supervise its teachers and employees as to appropriate discipline, safety, compliance, and supervision of students enrolled in Brevard County Public Schools, including Ralph Williams;

c.   The School Entities failed to properly train and/or supervise staff so as to protect Plaintiffs from exposure to abuse and/or dangerous conditions in violation of their civil rights and Individualized Education Plans ("I.E.P.");

d.   The School Entities, by virtue of their deliberate indifference, adopted a policy and pattern of practice of ignoring repeated incidents of abuse,

8

restraint, and seclusion of disabled students in Brevard County Public Schools which disproportionately impacted and harmed its special-needs students, including Plaintiffs; and

e.   The School Entities, by virtue of their deliberate indifference, permitted employees and other agents to engage in acts of abuse, restraint, and seclusion of special needs students, including specifically Plaintiffs, all in violation of their civil rights and I.E.P.

29.   At all times material hereto, Defendants owed Plaintiffs a duty to provide adequate supervision and protection of their rights while entrusted with their care, including protecting them from abuse, restraint, and seclusion.

30.   Defendants breached that duty.

31.   At all times material hereto, in accordance with the duties set forth above, the School Entities were and are required to act in accordance with acceptable professional standards, best practices and judgment.

32.   At all times relevant hereto, Defendants, under color of state law, performed a public function to make available to exceptional, disabled, and/or handicapped children, such as Plaintiffs, a free and appropriate public education free from abuse, restraint, and seclusion.

33.   At all times material hereto, the School Entities were responsible for establishing policies and procedures for Brevard County Public Schools, and were

9

responsible for training and/or supervising its teachers and employees, including principals, assistant principals, teachers, and teachers' aides, so as not to permit a policy custom or practice that caused said teachers and employees to violate the Constitutional and civil rights of its students, including Plaintiffs. The School Entities were further responsible for the training of its teachers and employees as to appropriate discipline, safety, compliance, and supervision of students enrolled in Brevard County Public Schools, including Ralph Williams.

34.     Defendants, Brevard County Schools and Garzione, had a duty to ensure that Plaintiffs' rights, pursuant to § 393.13, Fla. Stat., were protected.

35.     At all times material hereto, Defendants, Brevard County Schools and Garzione, occupied a special custodial relationship with Plaintiffs, as a result of their disabilities, with the attendant duties to provide them with a safe environment, free from abuse, restraint, and seclusion.

36.     Moreover, Defendants, Brevard County Schools and Garzione, had an affirmative duty to provide adequate supervision and protection of Plaintiffs' rights while entrusted with their care, including protecting them from abuse, restraint, and seclusion.

37.     As more fully alleged herein, Defendants, Brevard County Schools and Garzione, breached that duty.

38.     The School Entities had actual, express, or constructive knowledge of the unlawful abuse, excessive and/or inappropriate use of restraint, seclusion and/or dangerous

BATES LAW, PLLC
111 North Orange Avenue, Suite 800, Orlando, FL 32801
http://www.fltriallawyers.com

conditions subjected upon its special needs students, including Plaintiffs.

39.     In fact, the potential for abuse of special education students, such as Plaintiffs, by teachers in itself was foreseeable by Brevard County Schools. Brevard County Schools had previously encountered ESE teachers within its district who violated the constitutional rights of students. The very fact that these teachers taught emotionally and developmentally disabled children, including those with autism, increase the likelihood of abuse due to the stressful nature of the job.

40.     The School Entities further knew that the use of restraint was disproportionately being used on ESE students in Brevard County public schools.  For the period of August 2013 through June 2014, the School Entities reported 591 instances of physical restraint on 246 students. 50% of these students were either students who have emotional behavioral disorders or students who have autism. 46% of these students were in third grade or below. The School Entities failed to report data on seclusion incidents.

41.     The School Entities further knew that its staff was not adequately trained in how to handle behavioral/crisis situations.  For example, while the School Entities required its trainers to be certified by the Crisis Prevention Institute (CPI), it did not outline which staff it requires to be trained.

42.     In the years leading up to the incident complained of herein, the School Entities were aware of and had direct knowledge of numerous occasions where ESE students were harmed, mistreated, and/or abused by school staff.

11

43.     In addition, the School Entities were aware of and had direct knowledge that ESE staff members were routinely suspended without pay, terminated, or agreed to resign as a result of misconduct and/or unprofessional behavior.

44.     Moreover, the principal of Ralph Williams was made aware of, and had direct knowledge that Garzione routinely harmed, mistreated and/or abused students entrusted in her care, including Plaintiffs.

45.     That despite their direct knowledge of the problems of mistreatment of ESE students and the routine finding of misconduct and/or unprofessional behavior of ESE staff, the School Entities approved a significant reduction of teaching and paraprofessional staff over the last 10 years.

46.     The School Entities, by virtue of their deliberate indifference and/or gross misjudgment, adopted a policy, practice, and/or custom of ignoring the unlawful abuse of its special needs students, including Plaintiffs.

## SPECIFIC ALLEGATIONS

47.     When they were first enrolled in Brevard County Schools, Plaintiffs were happy children with the potential to do well in school with the right supportive services and environment.

48.     At all times material hereto, Garzione was Plaintiffs' ESE teacher at Ralph Williams during the 2018 – 2019 school year.

BATES LAW, PLLC
111 North Orange Avenue, Suite 800, Orlando, FL 32801
http://www.fltriallawyers.com

49.     Certain paraprofessionals even remained with Plaintiffs prior to joining Garzione's classroom, and after.

50.     Prior to Garzione, Plaintiffs all demonstrated an interest in school and enjoyment at being around their friends.  Students like A.E., J.O., and O.E. all made great strides under previous teachers, such as Ms. Kelly Mercer.

51.     That ended upon joining Garzione's class, as all of their development and behavior showed regression as a result of continued abuse, restraint, and/or seclusion by Garzione.

52.     Garzione's treatment resulted in Plaintiffs being subdued and fearful, constantly on edge.

53.     Garzione bragged about being known as the "mean teacher" at Ralph Williams.

54.     Garzione engaged in numerous acts of emotional and physical abuse against Plaintiffs.

55.     Garzione routinely screamed at, and berated, her special education students, namely Plaintiffs.  She would instruct paraprofessionals not to assist, and when children were unable to complete assignments, Garzione would get in their face, nose to nose, and begin screaming and yelling at them until they began to cry. She would then further threaten to send video of the crying children to their parents, further escalating emotional trauma and abuse.

13

56.     She would then yell at Plaintiffs, "Ms. G doesn't care if you are crying, do I?" She would repeat this until Plaintiffs were uncontrollably crying.

57.     Garzione's harassment and bullying of Plaintiffs continued until they reached the point of being inconsolable. Garzione would grab pencils out of their hands, rip their papers off of their desk, crumpling the paper up in front of their face while screaming at them to start the assignment over.  She would then use her cellphone to presumably film Plaintiffs and threaten to call their parents as they screamed and cried "no," over and over.

58.     For example, Garzione would grab and ball up J.O.'s work, slam it on his desk, and when he would begin to cry she would then mock him by saying "oh, are we going to cry now?" in a cruel tone. This would cause him to cry and break down, emotionally.

59.     Further, Garzione would hold M&Ms in front of Plaintiffs' faces who were misbehaving, acting like she was going to give them some while they witnessed the other students eating the candy. She would then put the M&Ms in her mouth and eat them, telling the student how good it was while Plaintiffs would spiral into an emotional tantrum, or crying hysterically.  A complete meltdown sometimes resulted in a physical altercation where Garzione and paraprofessionals would have to restrain the student, often improperly and not in accordance with CPI.

60.     Garzione would yell at Plaintiffs daily about how lazy and useless they

14

were until they had reached a sign of complete distress. Some children would put on their headphones trying to block her screaming while others spiraled into emotional tantrums.

61.     Garzione would also mimic a child's voice when they were upset, calling them a baby and threatening to call their parents.

62.     Once Garzione discovered a student's weakness, she would repeatedly use it against the child.

63.     For example, A.E. would meltdown and begin crying any time Garzione mocked him and called him a "momma's boy".  By the time he was separated from Garzione, he was absolutely petrified of his teacher(s).

64.     Garzione would leave Plaintiffs sitting with a 10-minute assignment for hours, despite not being able to finish. She would taunt them by singing, "Work, work, work, work" until the children were crying for her to stop.

65.     The abuse of Plaintiffs was not just emotional, but also physical. Plaintiffs were unable to articulate the harm being done to them, despite the fact that abuse would occur repeatedly during the school week.

66.     One of Garzione's favorite methods of physical abuse involved weighted, blue activity mats.  Approximately six (6) feet long and seven (7) feet wide, these mats were intended to calm down students who were struggling with emotional meltdowns or inability to remain seated.

67.      Already fairly heavy, Garzione would put a students' hands above his head,

15

in a superman position, so just his arms and head were out of the mat. Garzione would then fold the mat over the student and kneel on the mat, pressing all of her body weight of approximately 140 pounds down on the student. Despite the child crying in pain, Garzione would continue to kneel on the mat anywhere from 20 to 30 seconds at a time until the student lost the ability to catch a breath, monitored by way of making the child count during the abusive exercise.  When confronted by her paraprofessionals, Garzione would simply reply "you're too nice" or "you're too easy," and instruct them to leave the room.

68.     Despite reporting this to Ralph Williams' administration by paraprofessionals, this abusive activity would be allowed to occur 3 to 4 times a week.

69.     The physical abuse did not stop there. Garzione would regularly step on the fingers or toes of Plaintiffs when they were not sitting directly upright during "circle time." Plaintiffs would respond with "ouch" when she stepped on the child and Garzione would tell them if they were sitting correctly, that would not have happened. This would routinely leave the children crying in pain and/or hysterical.

70.     Garzione would regularly squeeze Plaintiffs' hands on the pressure point of the soft tissue in between the thumb and index finger, about half of an inch in. The pain would be excruciating, causing the children to cry out. Garzione would brag that this type of punishment would not leave marks on the child.

71.     Another method Garzione would use to cause Plaintiffs physical pain, without alerting parents by leaving marks, was digging her fingers under the armpits of the

BATES LAW, PLLC
111 North Orange Avenue, Suite 800, Orlando, FL 32801
http://www.fltriallawyers.com

child and lifting them up on those two spots, causing them to cry in pain.

72.     Garzione also gave instructions to paraprofessionals on how to gag students that attempted to bite them, including Plaintiffs.

73.     In an example which precisely describes Garzione's reign of trauma, she would be called in to help with restraining a young female student with Downs Syndrome. She would grab her at the nape of the neck where it could not be seen by others, but cause the young girl immense pain. She would then brag, "I'm pulling her hair and she is not even responding." High pain tolerance and/or inability to adequately report pain is a symptom common to Downs.

74.     The School Entities had actual, express, and/or constructive notice of Garzione's aforementioned conduct and failed to intervene or stop it.

75.     Many of the above-listed incidents of abuse were witnessed by other employees of Ralph Williams, including teachers and paraprofessionals, and reported to Ralph Williams' principal and assistant principal.

76.     Despite their knowledge, Defendants did not report any such incidents to Plaintiffs' parents and some incidents were actively concealed from the parents of special needs students.

77.     Plaintiffs have suffered and observed horrible abuse by Garzione and, as a direct and proximate result thereof, have suffered physical, emotional, and mental injuries, including, but not limited to intimidation, trauma, developmental regression, and emotional

17

distress.

78.     Garzione was fully aware that Plaintiffs were easily emotionally abused and intimidated.

79.     Each and all of the above acts, both of omission and commission, were acts of discrimination done with deliberate indifference to Plaintiffs' disability and/or gross misjudgment and/or negligence and/or a violation of Plaintiffs' rights as a disabled person under Federal and Florida law, were a proximate cause of the damages suffered by Plaintiffs.

80.     Defendants discriminated against Plaintiffs with deliberate indifference to their disability and/or gross misjudgment in violation of the American with Disabilities Act, Title II, 42 U.S.C. §12131 et seq. and the Rehabilitation Act, 29 U.S.C. §794, and caused Plaintiffs to suffer and continue to suffer mental and physical pain and anguish.

81.     Plaintiffs' rights under the Rehabilitation Act and the ADA are federal and state entitlements, and involve property and liberty interests which are abridged, withdrawn, limited, or denied without due process of law in violation of the Fourteenth Amendment of the United States Constitution, 42 U.S.C. §1983.

82.     Defendants had a duty which arose under the United States Constitution, and the laws of the United States and Florida to provide reasonable accommodations, safe, proper, and appropriate special education services and, while acting in concert and under the color of state law, breached that duty, thus violating Plaintiffs' rights under the

18

Rehabilitation Act, the ADA, the Fourteenth Amendment to the U.S. Constitution and §393, Florida Statutes.

### COUNT I – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 706 AS AGAINST THE SCHOOL ENTITIES

83.    Plaintiffs hereby reassert by reference in this Count I the allegations of Paragraphs 1 through 82 of this Complaint as if fully set forth herein.

84.    Section 504 of the Rehabilitation Act of 1973, provides that "[n]o otherwise qualified individual with a disability" shall be "excluded, denied or discriminated against" by any facility receiving "federal financial assistance." 29 U.S.C. § 794.

85.    Plaintiffs' autism and other conditions substantially limit major life activities.  Accordingly, Plaintiffs are considered to be individuals with a disability under Section 504 of the Rehabilitation Act, as amended.  See 29 U.S.C. §706(8). Plaintiffs are otherwise qualified under Section 504 of the Rehabilitation Act because they meet the essential eligibility requirements for the School Entities' services at all time material hereto. Furthermore, the School Entities are recipients of federal financial assistance.

86.    The facts set forth in full herein demonstrate that the School Entities knowingly and intentionally allowed an unqualified teacher and/or staff to be responsible for Plaintiffs; failed to investigate and respond to unexplained injuries to Plaintiffs; failed to take action and/or intervene knowing that Garzione was using unlawful and egregious

BATES LAW, PLLC
111 North Orange Avenue, Suite 800, Orlando, FL 32801
http://www.fltriallawyers.com

restraint methods and further knowing that such failures put the most vulnerable students at risk of serious harm.

87.     In addition to or in the alternative, the facts as set forth herein demonstrate that the School Entities acted with gross misjudgment as to education and provision of services to Plaintiffs.  Specifically, the School Entities knowingly allowed an unqualified teacher and/or staff to be responsible for Plaintiffs; failed to investigate and respond to unexplained injury to Plaintiffs; failed to take action and/or intervene knowing that Garzione was using unlawful and egregious restraint methods and further knowing that such failures put the most vulnerable students at risk of serious harm.

88.     The School Entities, while acting individually and in concert and under color of state law, violated Plaintiffs' rights arising under the Rehabilitation Act in a discriminatory manner by failing to properly plan for, coordinate, communicate, disseminate, and provide Plaintiffs with a proper, safe, and free appropriate public education, special education, equipment, assistive technology devices and services, and all entitlements provided by the Rehabilitation Act and failing to accommodate properly and safely Plaintiffs' disabilities, thus excluding Plaintiffs from participation in, denying Plaintiffs the benefits of, and subjecting Plaintiffs to discrimination under the ESE program provided by the School Entities by virtue of their disabilities.

89.     The School Entities, while acting individually and in concert and under color of state law, conducted itself in a manner that was professionally unjustifiable and

BATES LAW, PLLC
111 North Orange Avenue, Suite 800, Orlando, FL 32801
http://www.fltriallawyers.com

constituted gross misjudgment.  Specifically, the School Entities violated Plaintiffs' rights arising under the Rehabilitation Act in a discriminatory manner by failing to properly plan for, coordinate, communicate, disseminate, and provide Plaintiffs with a proper, safe, and free appropriate public education, special education, equipment, assistive technology devices and services, and all entitlements provided by the Rehabilitation Act and failing to accommodate properly and safely Plaintiffs' disabilities, thus excluding Plaintiffs from participation in, denying Plaintiffs the benefits of, and subjecting Plaintiffs to discrimination under the ESE program provided by the School Entities by virtue of their disabilities.

90.     The School Entities' policies, practices, and customs, particularly the actions and omissions described hereinabove, violated Plaintiffs' rights under Section 504 of the Rehabilitation Act by discriminating on the basis of their disability.

91.     The School Entities also denied Plaintiffs services they made available to non-disabled students.

92.     Plaintiffs have suffered severe physical and emotional pain and suffering and damages in the past, and continue to suffer severe physical and emotional pain and suffering and damages due to the School Entities' violations of Section 504 of the Rehabilitation Act of 1973.

**WHEREFORE,** Plaintiffs, A.E., a minor, by A.E. and H.E., his next friends, parents, and natural guardians; J.O., a minor, by J.O., his next friend, parent, and natural

21

guardian; O.E., a minor,  by D.E. and M.E., his next friends, parents, and natural guardians; J.K., a minor, by S.K. and C.K., his next friends, parents, and natural guardians; and D.R., a minor, by A.F., his next friend, parent, and natural guardian, respectfully request that the Court enter an Order: (1) awarding them compensatory damages for medical costs, psychological treatment, physical and emotional pain and suffering, mental anguish, loss of capacity for enjoyment of life, and diminished or reduced capacity for enjoyment of life; (2) that a jury be empaneled to hear their cause; (3) awarding them reasonable attorneys' fees and costs; and (4) awarding any and all other relief that the Court deems just and proper.

## COUNT II – VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12131 AS AGAINST THE SCHOOL ENTITIES

93.     Plaintiffs hereby reasserts by reference in this Count II the allegations of Paragraphs 1 through 82 of this Complaint as if fully set forth herein.

94.     Title II of the Americans with Disabilities Act is known as the "Prohibition Against Discrimination and Other Generally Applicable Provisions." 42 U.S.C. §12131 et seq.

95.     Plaintiffs' autism and other conditions substantially limit major life activities.  Therefore, Plaintiffs are considered to be individuals with a disability under Title II of the Americans with Disabilities Act because they meet the essential eligibility requirements for Defendants' services at all times material hereto.

BATES LAW, PLLC
111 North Orange Avenue, Suite 800, Orlando, FL 32801
http://www.fltriallawyers.com

96.     The School Entities' policies, practices, and procedures, particularly the actions and omissions described hereinabove, violated Plaintiffs' rights under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq., including discriminating against them on the basis of their disability.

97.     The facts set forth in full herein demonstrate that the School Entities knowingly and intentionally allowed an unqualified teacher and/or staff to be responsible for Plaintiffs; failed to investigate and respond to unexplained injury to Plaintiffs; failed to take action and/or intervene knowing that Garzione was using unlawful and egregious restraint methods and further knowing that such failures put the most vulnerable students at risk of serious harm.

98.     In addition to, or in the alternative, the facts as set forth herein demonstrate that the School Entities acted with gross misjudgment as to education and provision of services to Plaintiffs.  Specifically, the School Entities knowingly and intentionally allowed an unqualified teacher and/or staff to be responsible for Plaintiffs; failed to investigate and respond to unexplained injury to Plaintiffs; failed to take action and/or intervene knowing that Garzione was using unlawful and egregious restraint methods and further knowing that such failures put the most vulnerable students at risk of serious harm.

99.     The School Entities, while acting individually and in concert and under color of state law, violated Plaintiffs' rights arising under the Americans with Disabilities Act in a discriminatory manner by failing to properly plan for, coordinate, communicate,

23

disseminate, and provide Plaintiffs with a proper, safe, and free appropriate public education, special education, equipment, assistive technology devices and services, and all entitlements provided by the Americans with Disabilities Act and failing to accommodate properly and safely Plaintiffs' disabilities, thus excluding Plaintiffs from participation in, denying Plaintiffs the benefits of, and subjecting Plaintiffs to discrimination under the ESE program provided by the School Entities by virtue of their disabilities.

100.    The School Entities, while acting individually and in concert and under color of state law, conducted itself in a manner that was professionally unjustifiable and constituted gross misjudgment.  Specifically, the School Entities violated Plaintiffs' rights arising under the Americans with Disabilities Act in a discriminatory manner by failing to properly plan for, coordinate, communicate, disseminate, and provide Plaintiffs with a proper, safe, and free appropriate public education, special education, equipment, assistive technology devices and services, and all entitlements provided by the Americans with Disabilities Act and failing to accommodate properly and safely Plaintiffs' disabilities, thus excluding Plaintiffs from participation in, denying Plaintiffs the benefits of, and subjecting Plaintiffs to discrimination under the ESE program provided by the School Entities by virtue of their disabilities.

101.    The School Entities policies, practices, and customs, particularly the actions and omissions described hereinabove, violated Plaintiffs' rights under the Americans with Disabilities Act by discriminating at least in part on the basis of their disability.

BATES LAW, PLLC
111 North Orange Avenue, Suite 800, Orlando, FL 32801
http://www.fltriallawyers.com

102.    The School Entities also denied Plaintiffs services they made available to non-disabled students.

103.    Plaintiffs have suffered severe physical and emotional pain and suffering and damages in the past, and continues to suffer severe physical and emotional pain and suffering and damages due to the School Entities' violations of Title II of the Americans with Disabilities Act.

**WHEREFORE,** Plaintiffs, A.E., a minor, by A.E. and H.E., his next friends, parents, and natural guardians; J.O., a minor, by J.O., his next friend, parent, and natural guardian; O.E., a minor,  by D.E. and M.E., his next friends, parents, and natural guardians; J.K., a minor, by S.K. and C.K., his next friends, parents, and natural guardians; and D.R., a minor, by A.F., his next friend, parent, and natural guardian, respectfully request that the Court enter an Order against the School Entities: (1) awarding them compensatory damages for medical costs, psychological treatment, physical and emotional pain and suffering, mental anguish, loss of capacity for enjoyment of life, and diminished or reduced capacity for enjoyment of life; (2) entry of an order permanently enjoining the School Entities from further committing the acts complained of herein; (3) awarding them punitive damages; (4) that a jury be empaneled to hear their cause; (5) awarding their reasonable attorneys' fees and costs; and (6) awarding any and all other relief that the Court deems just and proper.

BATES LAW, PLLC
111 North Orange Avenue, Suite 800, Orlando, FL 32801
http://www.fltriallawyers.com

## COUNT III – VIOLATION OF 42 U.S.C. § 1983 AS AGAINST THE SCHOOL ENTITIES

104.    Plaintiffs hereby reasserts by reference in this Count III the allegations of paragraphs 1 through 82 of this Complaint as if fully set forth herein.

105.    This is a civil rights action for money damages against the School Entities pursuant to Title 42 U.S.C. §1983 for deprivation of Plaintiffs' constitutional civil rights and their Fourteenth Amendment due process liberty interest.  As more fully described above, the School Entities had actual or constructive knowledge during Plaintiffs' enrollment that its employees, agents and administrators were engaged in conduct that posed a foreseeable, pervasive and unreasonable risk of constitutional injury to Plaintiffs.

106.    The Fourteenth Amendment liberty interest includes the right to be free from unnecessary and unreasonable force or intentional, reckless or deliberately indifferent or oppressive conduct that causes emotional or psychological harm.

107.    At all times material hereto, the School Entities employed a pattern, practice and custom of failing to ensure the safety and well-being of Plaintiffs including but not limited to ensuring that Plaintiffs were free of unreasonable risk of injury.

108.    At all times material hereto, the School Entities failed to properly train their employees and agents on how to protect Plaintiffs from exposure to unlawful maltreatment in violation of their civil rights as described herein.  Specifically, the School Entities knowingly and intentionally allowed an unqualified teacher and/or staff to be responsible for Plaintiffs; failed to investigate and respond to unexplained injury to Plaintiffs; failed to

26

take action and/or intervene knowing that Garzione was using unlawful and egregious restraint methods and further knowing that such failures put the most vulnerable students at risk of serious harm, and failed to make reasonable accommodations for Plaintiffs.

109.    By establishing the aforementioned patterns and practices, and further failing to respond to its actual or constructive knowledge regarding the misconduct set forth herein, Defendants demonstrated recklessness and deliberate indifference to Plaintiffs' constitutional rights, and tacit authorization of the abusive culture they had created.

110.    The School Entities' response and/or lack of response to its actual or constructive knowledge regarding the misconduct by its employees, agents and administrators demonstrated recklessness, deliberate indifference to Plaintiffs' constitutional rights and tacit authorization of the misconduct of its agents, staff and administrators, including Garzione.

111.    The School Entities' failure to act in response to its actual or constructive knowledge and affirmatively caused the injury suffered by Plaintiffs.  The School Entities were deliberately indifferent to, permitted, and tolerated a historical pattern and practice of unjustified, unreasonable and inappropriate treatment of special needs children, which was atrocious as well as shocking to the conscience.

**WHEREFORE,** Plaintiffs, A.E., a minor, by A.E. and H.E., his next friends, parents, and natural guardians; J.O., a minor, by J.O., his next friend, parent, and natural guardian; O.E., a minor,  by D.E. and M.E., his next friends, parents, and natural guardians;

27

J.K., a minor, by S.K. and C.K., his next friends, parents, and natural guardians; and D.R., a minor, by A.F., his next friend, parent, and natural guardian, respectfully request that the Court enter an Order against the School Entities: (1) awarding them compensatory damages for medical costs, psychological treatment, physical and emotional pain and suffering, mental anguish, loss of capacity for enjoyment of life, and diminished or reduced capacity for enjoyment of life; (2) entry of an order permanently enjoining the School Entities from further committing the acts complained of herein; (3) awarding their punitive damages; (4) that a jury be empaneled to hear their cause; (5) awarding them reasonable attorneys' fees and costs; and (6) awarding any and all other relief that the Court deems just and proper.

## COUNT IV – VIOLATION OF 42 U.S.C. § 1983 AS AGAINST STACEY GARZIONE

112.    Plaintiffs hereby reasserts by reference in this Count IV the allegations of Paragraphs 1 through 82 of this Complaint as if fully set forth herein.

113.    This is a civil action for money damages against Garzione pursuant to Title 42 U.S.C. §1983 for deprivation of Plaintiffs' constitutional civil rights and his Fourteenth Amendment due process liberty interest.

114.    Garzione's physical and psychological abuse of her special needs students, including Plaintiffs, was shocking to the conscience, arbitrary, egregious and for the purpose of causing physical harm, pain, suffering and/or emotional or psychological trauma to Plaintiffs in violation of, and with deliberate indifference to, their Fourteenth

28

Amendment due process liberty rights protected by the U.S. Constitution.

115.    As a direct and proximate result of Garzione's misconduct, Plaintiffs have suffered damages.

**WHEREFORE,** Plaintiffs, A.E., a minor, by A.E. and H.E., his next friends, parents, and natural guardians; J.O., a minor, by J.O., his next friend, parent, and natural guardian; O.E., a minor,  by D.E. and M.E., his next friends, parents, and natural guardians; J.K., a minor, by S.K. and C.K., his next friends, parents, and natural guardians; and D.R., a minor, by A.F., his next friend, parent, and natural guardian, respectfully request that the Court enter an Order against Garzione: (1) awarding their compensatory damages for medical costs, psychological treatment, physical and emotional pain and suffering, mental anguish, loss of capacity for enjoyment of life, and diminished or reduced capacity for enjoyment of life; (2) awarding their punitive damages; (3) that a jury be empaneled to hear their cause; (4) awarding their reasonable attorneys' fees and costs; and (5) awarding any and all other relief that the Court deems just and proper.

## COUNT V – NEGLIGENCE AS AGAINST THE SCHOOL ENTITIES

116.    Plaintiffs hereby reasserts by reference in this Count V the allegations of Paragraphs 1 through 82 of this Complaint as if fully set forth herein.

117.    The School Entities were responsible for the operation and maintenance of Ralph Williams and, as such, owed a duty to Plaintiffs to exercise reasonable care in the

BATES LAW, PLLC
111 North Orange Avenue, Suite 800, Orlando, FL 32801
http://www.fltriallawyers.com

operation of Ralph Williams, particularly with regard to the supervision of Plaintiffs so as to protect them from unlawful abuse, restraint and seclusion.

118.   Particularly, the School Entities owed a duty to Plaintiffs to exercise reasonable care and/or ensure safe conditions and supervision.  The exercise of such duties includes but is not limited to the following:

(a)   Supervising students so as to protect them from abuse, improper and/or excessive restraint and seclusion;

(b)   Training and/or supervising its teachers and employees as to the appropriate methods for the discipline, restraint, safety, and supervision of its students; and

(c)   Implementation and enforcement of adequate safety procedures to ensure that students are free from abuse, improper and/or excessive restraint, and seclusion.

119.   The School Entities breached their aforementioned duties and deviated from the applicable standards of care, by virtue of its conduct described hereinabove, particularly the School Entities failed to:

(a)   Properly supervise its students, namely Plaintiffs, so as to protect him from abuse, improper and/or excessive restraint and seclusion;

(b)   Properly train and/or supervise its teachers and employees as to the appropriate methods for the discipline, restraint, safety, and supervision of its students; and

30

      (c)     Implement and enforce adequate safety procedures in order to ensure that students were free from abuse, improper and/or excessive restraint, and seclusion.

120.    As a direct and proximate result of the aforementioned negligent acts and/or omissions of the School Entities, Plaintiffs have suffered bodily injury and resulting pain and suffering, post-traumatic stress disorder, disfigurement, mental anguish, loss of capacity for the enjoyment of life, aggravation of a pre-existing condition, and medical expenses.

**WHEREFORE,** Plaintiffs, A.E., a minor, by A.E. and H.E., his next friends, parents, and natural guardians; J.O., a minor, by J.O., his next friend, parent, and natural guardian; O.E., a minor, by D.E. and M.E., his next friends, parents, and natural guardians; J.K., a minor, by S.K. and C.K., his next friends, parents, and natural guardians; and D.R., a minor, by A.F., his next friend, parent, and natural guardian, respectfully request that the Court enter an Order against the School Entities: (1) awarding their compensatory damages for medical costs, psychological treatment, physical and emotional pain and suffering, mental anguish, loss of capacity for enjoyment of life, and diminished or reduced capacity for enjoyment of life; (2) awarding their punitive damages; (3) that a jury be empaneled to hear their cause; and (4) awarding any and all other relief that the Court deems just and proper.

31

## COUNT VI – NEGLIGENT HIRING, TRAINING, RETENTION AND/OR SUPERVISION AS AGAINST THE SCHOOL ENTITIES

121.    Plaintiffs hereby reasserts by reference in this Count VI the allegations of Paragraphs 1 through 82 of this Complaint as if fully set forth herein.

122.    The School Entities are responsible for the hiring, training, instruction, supervision, and discipline of its teachers, employees and/or agents, including without limitation Garzione, who were at all times relevant acting within the scope of their employment and/or agency.

123.    The School Entities were negligent in its hiring, training, instruction, supervision, and discipline of Garzione.

124.    Upon information and belief, prior to February 2019, teachers, employees and/or agents of the School Entities had incidents wherein ESE students were subjected to abuse, improper and/or excessive and/or improper restraint and seclusion.

125.    That prior to February 2019, the School Entities knew or should have known that its employees and/or agents, including but not limited to Garzione, did not have adequate or appropriate training skills and/or certification to handle proper restraint procedures while working at public schools in Brevard County, Florida.

126.    As a result, the School Entities were aware, or should have been aware, of these teachers' and/or employees' – including Garzione – unfitness for continuing employment with the School Entities.

32

BATES LAW, PLLC
111 North Orange Avenue, Suite 800, Orlando, FL 32801
http://www.fltriallawyers.com

127.    The School Entities owed a duty to Plaintiffs with regard to: (a) conducting the proper investigation and due diligence before hiring the aforementioned employees and/or agents; (b) discharging the aforementioned employees and/or agents prior to February 2019; (c) ensuring the safety of Plaintiffs while they were enrolled at Brevard County Public Schools; (d) properly training employees and/or agents in their provision of services to Plaintiffs; (e) properly supervising employees and/or agents in their provision of services to Plaintiffs; and (f) ensuring Plaintiffs were not harmed, assaulted, or battered by employees and/or agents.

128.    The School Entities breached their aforementioned duties, by virtue of its conduct described hereinabove, particularly the School Entities failed to: (a) conduct the proper investigation and due diligence before hiring the aforementioned employees and/or agents; (b) discharge the aforementioned employees and/or agents prior to February 2019; (c) ensure that Plaintiffs were safe and secure while he was enrolled in Brevard County public schools; (d) properly train employees and/or agents with regard to their provision of services to Plaintiffs; (e) properly supervise employees and/or agents in their provision of services to Plaintiffs; (f) ensure Plaintiffs was not harmed, assaulted, or battered by employees; and (g) ensure that employees and/or agents received the proper training in use of restraints.

129.    As a direct and proximate result of the aforementioned acts and omissions of the School Entities, Plaintiffs have suffered bodily injury and resulting pain and

BATES LAW, PLLC
111 North Orange Avenue, Suite 800, Orlando, FL 32801
http://www.fltriallawyers.com

suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life, aggravation of a pre-existing condition, and medical costs.

**WHEREFORE,** Plaintiffs, A.E., a minor, by A.E. and H.E., his next friends, parents, and natural guardians; J.O., a minor, by J.O., his next friend, parent, and natural guardian; O.E., a minor,  by D.E. and M.E., his next friends, parents, and natural guardians; J.K., a minor, by S.K. and C.K., his next friends, parents, and natural guardians; and D.R., a minor, by A.F., his next friend, parent, and natural guardian, respectfully request that the Court enter an Order against the School Entities:   (1) awarding them compensatory damages for medical costs, psychological treatment, physical and emotional pain and suffering, mental anguish, loss of capacity for enjoyment of life, and diminished or reduced capacity for enjoyment of life; (2) awarding their punitive damages; (3) that a jury be empaneled to hear their cause; and (4) awarding any and all other relief that the Court deems just and proper.

### COUNT VII – VIOLATION OF RIGHTS PURSUANT TO FLA. STAT. § 393.13 AS AGAINST ALL DEFENDANTS

130.    Plaintiffs hereby reasserts by reference in this Count VII the allegations of Paragraphs 1 through 82 of this Complaint as if fully set forth herein.

131.    This is an action brought against Defendants pursuant to §393.13(5), <u>Florida Statutes</u>, for violation of the rights of a developmentally disabled person.

34

132.    At all times material hereto, Plaintiffs were developmentally disabled by virtue of their severe developmental disabilities, including autism.

133.    At all times material hereto, Defendants were persons as described in §393.13, Fla. Stat. and, as such, owed a duty to Plaintiffs to recognize, comply with, protect, and take reasonable steps to ensure the rights and privileges of the developmentally disabled, including Plaintiffs, as set forth in §393.13(3), Florida Statutes, including but not limited to the following:

> (a)  The right to dignity, privacy, and humane care, including the right to be free from abuse, including sexual abuse, neglect, and exploitation;
>
> (b)  The right to receive services, within available sources, which protect the personal liberty of the individual and which are provided in the least restrictive conditions necessary to achieve the purpose of the treatment;
>
> (c)  The right to participate in an appropriate program of quality education and training services, within available resources, regardless of chronological age or degree of disability; and
>
> (d)  The right to be free from harm, including unnecessary physical, chemical or mechanical restraint, isolation, excessive medication, abuse or neglect.

134.    Defendants breached their aforementioned duties and violated the aforementioned rights of Plaintiffs, by virtue of their conduct described hereinabove, particularly Defendants failed to ensure that Plaintiffs received a quality education free from abuse, neglect, unnecessary restraint, and/or isolation while enrolled at Brevard

35

County public schools, including but not limited to Plaintiffs' enrollment at Ralph Williams.

135.   Defendants failed to act in good faith and with due care to ensure that Plaintiffs' rights as a developmentally disabled person were not violated or infringed upon due to negligence, misfeasance, nonfeasance, or malfeasance.

136.   As a direct and proximate result of the aforementioned acts and/or omissions of Defendants, Plaintiffs have suffered bodily injury and resulting pain and suffering, post-traumatic stress disorder, disfigurement, mental anguish, loss of capacity for the enjoyment of life, aggravation of a pre-existing condition, and medical expenses.

**WHEREFORE,** Plaintiffs, A.E., a minor, by A.E. and H.E., his next friends, parents, and natural guardians; J.O., a minor, by J.O., his next friend, parent, and natural guardian; O.E., a minor,  by D.E. and M.E., his next friends, parents, and natural guardians; J.K., a minor, by S.K. and C.K., his next friends, parents, and natural guardians; and D.R., a minor, by A.F., his next friend, parent, and natural guardian, respectfully request that the Court enter an Order against Defendants: (1) awarding them compensatory damages for medical costs, psychological treatment, physical and emotional pain and suffering, mental anguish, loss of capacity for enjoyment of life, and diminished or reduced capacity for enjoyment of life; (2) awarding them punitive damages; (3) that a jury be empaneled to hear his cause; and (4) awarding any and all other relief that the Court deems just and proper.

36

## COUNT VIII – BATTERY AGAINST GARZIONE

137.     Plaintiffs hereby reasserts by reference in this Count VIII the allegations of Paragraphs 1 through 82 of this Complaint as if fully set forth herein.

138.     Garzione committed acts, as set forth hereinabove, intending to cause harmful contact with Plaintiffs or causing Plaintiffs to be in imminent apprehension of such a contact.

139.     Thereafter, Garzione made a harmful and offensive contact with Plaintiffs.

140.     As a direct and proximate result of the aforementioned acts and omissions of Garzione, Plaintiffs has suffered bodily injury and resulting pain and suffering, disfigurement, mental anguish, and loss of capacity for the enjoyment of life.

141.     Moreover, the aforementioned acts and omissions of Vance constituted gross negligence insofar as the conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of Plaintiffs who were exposed to such conduct.

**WHEREFORE,** Plaintiffs, A.E., a minor, by A.E. and H.E., his next friends, parents, and natural guardians; J.O., a minor, by J.O., his next friend, parent, and natural guardian; O.E., a minor,  by D.E. and M.E., his next friends, parents, and natural guardians; J.K., a minor, by S.K. and C.K., his next friends, parents, and natural guardians; and D.R., a minor, by A.F., his next friend, parent, and natural guardian, respectfully request that the

37

BATES LAW, PLLC
111 North Orange Avenue, Suite 800, Orlando, FL 32801
http://www.fltriallawyers.com

Court enter an Order against Garzione: (1) awarding them compensatory damages for medical costs, psychological treatment, physical and emotional pain and suffering, mental anguish, loss of capacity for enjoyment of life, and diminished or reduced capacity for enjoyment of life; (2) awarding their punitive damages; (3) that a jury be empaneled to hear their cause; and (4) awarding any and all other relief that the Court deems just and proper.


Respectfully submitted this 23rd day of November, 2020.

s/Aaron Carter Bates
Aaron Carter Bates
Florida Bar No. 011749
BATES LAW PLLC
111 N. Orange Ave., Suite 834
Orlando, FL 32801
Phone: (407) 476-0620 ex.1620
Fax: (407) 627-1293
acbates@fltriallawyers.com

**Counsel for Plaintiffs**

38